# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
March 9, 2005 Session

## THOMAS BRADEN v. RICKY BELL, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 3161     Cheryl Blackburn, Judge**

---

### No. M2004-01381-CCA-R3-HC - Filed August 19, 2005

---

The petitioner appeals the denial of his habeas petition, contending that the judgments reflect thirty percent release eligibility rather than the statutorily mandated one hundred percent service required of multiple rapists. Because the petitioner was convicted by a jury, as opposed to pleading guilty, we conclude that the trial court was required to impose the one hundred percent service requirement. Therefore, the trial court's failure to properly mark the judgments does not render the judgments void but should be amended as a clerical error, pursuant to Tennessee Rule of Criminal Procedure 36. We affirm the denial of habeas relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined. JOSEPH M. TIPTON, J., filed a dissenting opinion.

Charles Walker, Nashville, Tennessee, for the appellant, Thomas Braden.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General; for the appellee, State of Tennessee.

## OPINION

On September 8, 1993, the petitioner, Thomas Braden, was convicted of three counts of aggravated rape (a Class A felony). He was sentenced as a Range I, standard offender to concurrent sentences of twenty-three years on each count. This court affirmed the convictions on direct appeal. See State v. Thomas Braden, No. 01C01-9403-CC-00098, 1995 Tenn. Crim. App. LEXIS 980 (Tenn. Crim. App., at Nashville, Dec. 15, 1995) perm. to appeal denied (Tenn. 1996). Thereafter, the petitioner filed a *pro se* petition for post-conviction relief that was subsequently denied; this court affirmed the denial of post-conviction relief on August 5, 1998. See Thomas Braden v. State, No. 01C01-9705-CC-00184, 1998 Tenn. Crim. App. LEXIS 795 (Tenn. Crim. App., at Nashville, Aug. 5, 1998) perm. to appeal denied (Tenn. 1999).

In 2001, the petitioner filed the first of three petitions for writ of habeas corpus alleging, *inter alia*, that his sentence of twenty-three years, to be served at 100%, was excessive.[1] The habeas court denied the petition on October 18, 2001, concluding that the petitioner had not attached a copy of the underlying judgment and had failed to establish a cognizable claim for habeas relief. In 2002, the petitioner sought a declaratory judgment and/or common law writ of certiorari to challenge his classification as a multiple rapist, which barred him from earning sentence reduction credits or being considered for parole. In denying relief, the court cited Mitchell v. Campbell, 88 S.W.3d 561 (Tenn. Ct. App. 2002), for the proposition that statutory requirements precluded "the Department of Correction from assigning sentence reduction credits or parole [the petitioner]" and "required [it] to deny the petitioner parole, and refuse to assign him sentence reduction credits."

A second habeas petition was filed on July 9, 2003. However, before the habeas court ruled on that petition, the petitioner filed a third petition for habeas relief on September 12, 2003, which is the basis of the instant appeal. In his final petition, the petitioner alleged that his sentences void because the judgments, dated September 8, 1993, reflect that he was sentenced at thirty percent release eligibility in contravention of a statute requiring one hundred percent service of sentences issued to multiple rapists. On October 29, 2003, the habeas court found that the petitioner "may have set forth a cognizable claim for relief," appointed counsel, and set the matter for a status hearing.

Following the hearing, the court issued an order denying habeas relief. In support, the court noted that, although the judgments were filled out incorrectly, the judgments were neither void nor illegal. Specifically, the trial court found that:

> The judgment form should have identified Petitioner a multiple rapist and the sentencing court should issue an amended judgment form indicating Petitioner is classified as a multiple rapist. However, the fact [that] Petitioner is not identified as a multiple rapist on the judgment forms does not invalidate his conviction or entitle him to release.

The habeas court further explained that "even though Petitioner was sentenced as a Range I Offender, he is required by law to serve 100%, instead of 30%, of his sentences pursuant to law. Since Petitioner was convicted by a jury, his sentence is an operation of law." The petitioner timely appeals to this court, contending that the habeas court erred in denying relief.

Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings *de novo* without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

---

[1] At some point, indeterminable from the record on appeal, it appears that the petitioner was informed that his release eligibility conflicted with existing statutory requirements and would be increased from thirty percent to one hundred percent to come into compliance with those mandates.

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Further, Tennessee Code Annotated sections 29-21-101 *et seq.* codify the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petitioner is entitled to habeas corpus relief only if the petition establishes that the challenged judgment is void, rather than merely voidable. Id.; Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void "only when it appears on the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted).

By contrast, a voidable conviction or sentence is one that is facially valid, thus requiring proof beyond the face of the record or judgment to establish its invalidity. Taylor, 995 S.W.2d at 83. The burden of proving that the judgment or sentence is void, rather than voidable, rests with the petitioner. Wyatt, 24 S.W.3d at 322. "To establish that the judgment is void, the petitioner must prove that a jurisdictional defect appears in the record of the original trial." Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002) (citing McLaney, 59 S.W.3d at 92).

In the present case, the petitioner contends that his judgments are facially void because they reflect that he was sentenced at thirty percent release eligibility, in violation of Tennessee Code Annotated section 39-13-523, which requires him to serve one hundred percent of his sentence without any credit or early release. The statute states, in pertinent part:

(b) Notwithstanding any other provision of law to the contrary, a multiple rapist or a child rapist, as defined in subsection (a), shall be required to serve the entire sentence imposed by the court undiminished by any sentence reduction credits such person may be eligible for or earn. A multiple rapist or a child rapist shall be permitted to earn any credits for which such person is eligible and such credits may be used for the purpose of increased privileges, reduced security classification, or for any purpose other than the reduction of the sentence imposed by the court.

While it is true that the sentences contravene the statute, the petitioner is not entitled to habeas relief on that basis. What has occurred here is a mere clerical error and should be remedied by entry of corrected judgments pursuant to Tennessee Rule of Criminal Procedure 36.

The petitioner, in his brief, relies on several cases in which this court has sustained habeas relief. However, in each of those cases, save one, the petitioners were sentenced pursuant to negotiated plea agreements, while the petitioner in the instant matter was convicted by a jury and sentenced by the trial court.[2] That difference, in this context, is substantial and indeed determinative of the case before us.

_____

[2] We do note that one case cited by the petitioner, Randy D. Vowell v. State, does involve an illegal sentence stemming from a jury verdict. However, the petitioner incorrectly states that habeas relief was granted, when, in actuality, this court held that the trial court properly amended the judgment containing the illegal sentence and affirmed the denial of habeas relief. Randy D. Vowell v. State, No. E2003-01987-CCA-R3-PC, 2004 Tenn. Crim. App. LEXIS 437, at *5-6 (Tenn. Crim. App., at Knoxville, May 12, 2004).

The petitioner relies on McLaney v. Bell for the proposition that a sentence issued in contravention of a statute "is subject to being set aside at any time, even if it has become final." McLaney, 59 S.W.3d at 94 (quoting State v. Mahler, 735 S.W.2d 226, 227-28 (Tenn. 1987)). However, McLaney contains two very important distinctions from the case at hand: (1) the habeas court in McLaney summarily dismissed the petition without appointment of counsel; and (2) the conviction was based upon a guilty plea. Indeed, the McLaney court intimated that, if the judgment was to be set aside on remand, it would be because the petitioner's guilty plea was based on a sentence that could not legally be fulfilled. Specifically, our supreme court concluded:

> In this case, McLaney entered his guilty plea in exchange for a concurrent sentence which was, in actuality, illegal. Under these particular facts it has been recognized that "[t]here can be little doubt that a guilty plea entered pursuant to a plea bargain which promises a concurrent sentence must be set aside where the promise of concurrency is not fulfilled." West Virginia ex. rel. Morris v. Mohn, 165 W. Va. 145, 267 S.E.2d 443, 448 (1980). A general rule has developed in the law that where a concurrent sentence will not be imposed as promised, or the sentence bargained for is otherwise illegal, the defendant is entitled to withdraw the plea. Id.; Christopher Vaeth, Annotation, Guilty Plea as Affected by Fact that Sentence Contemplated by Plea Bargain is Subsequently Determined to be Illegal or Unauthorized, 87 A.L.R.4th 384 (1991).

McLaney, 59 S.W.3d at 95.

Similarly, the remaining cases cited by the petitioner include an analysis of the illegal sentences in light of the guilty plea proceedings and conclude that habeas corpus relief is warranted because the plea agreements included provisions that could not legally be honored. See Don Allen Coleman v. Jack Morgan, Warden, No. M2002-02237-CCA-R3-CO, 2004 Tenn. Crim. App. LEXIS 695 (Tenn. Crim. App., at Nashville, Aug. 6, 2004) (petitioner had entered his pleas on the basis he would receive the benefit of the fifteen percent reduction credits); Dewayne Cathey v. State, No. W2003-00411-CCA-R3-CO, 2004 Tenn. Crim. App. LEXIS 680 (Tenn. Crim. App., at Jackson, July 28, 2004) (plea agreement and colloquy reflected that the defendant agreed to thirty percent release eligibility in contravention of statute); Mitchell Tarver v. State, No. W2002-01662-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 915 (Tenn. Crim. App., at Jackson, Oct. 21, 2003) (plea agreement included provision that the defendant would be eligible for release after serving thirty percent of his sentence for child rape); Mark L. Grimes v. Fred Rainey, Warden, No. W2002-01583-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 688 (Tenn. Crim. App., at Jackson, Aug. 5, 2003) (plea agreement included thirty percent release eligibility for sentences stemming from multiple rape convictions); Lloyd Paul Hill v. State, No. M2000-01428-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 686 (Tenn. Crim. App., at Nashville, Aug. 30, 2001) (plea agreement and colloquy reflect that the child rape sentences were to be served at thirty percent release eligibility).

In contrast to the cases cited in the petitioner's brief, in the present case, the petitioner was appointed counsel, and a status hearing was scheduled by the habeas court to hear the merits of the petition before it was ultimately denied. More importantly, the present petitioner was convicted by

a jury and sentenced by the trial court. Therefore, the trial court's failure to properly mark the judgment did not deprive the petitioner of any expectation as to release eligibility, because none ever existed. Moreover, the trial court's error did not change the fact that the petitioner was statutorily required to serve one hundred percent of sentence due to his classification as a multiple rapist. As the habeas court correctly noted, the calculation of the petitioner's sentence was "an operation of law" and left no room for discretion. We find this sharply distinguished from a case in which the petitioner is extended a plea agreement containing an illegal sentencing provision and accepted the negotiated sentence to his detriment.

Therefore, the appropriate remedy is not to void the judgment but rather to amend the judgment so as to comply with the statute. This court has previously held that an illegal sentence may serve as a basis for habeas relief only if the illegality of the sentence is "egregious to the point of voidness." Coleman v. Morgan, 159 S.W.3d 887, 890 (Tenn. Crim App. 2004) (citing Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001)). Accordingly, "mere clerical errors in the terms of a sentence may not give rise to a void judgment." Id. (citing Ronald W. Rice v. David Mills, Warden, No. E2003-00328-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 709, at **7-10 (Tenn. Crim. App., at Knoxville, Aug. 19, 2003)).

As we have previously noted, the convictions and sentences resulted from jury verdicts, not from a negotiated plea agreement. Moreover, the trial court issued the twenty-three-year sentences and was required to order one hundred percent service of the sentence; however, the trial court marked the judgment forms in error. While the sentences are, on their face, illegal, we conclude that the illegality is not so egregious as to void the sentences. Furthermore, it is well-settled that a trial court may correct an illegal sentence "at any time, even if it has become final." State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978); State v. Howard Buchanan, No. M2000-00878-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 271, at *17 (Tenn. Crim. App., at Nashville, Mar. 16, 2001). As the habeas court noted, "[t]he fact [that] Petitioner is not identified as a multiple rapist on the judgment forms does not invalidate his conviction or entitle him to release."

As a final point, the petitioner avers that we are not to "speculate as to clerical errors or subjective intentions of the sentencing judge." However, we fail to see how the sentencing court's intentions alter our conclusion. Regardless of the intent behind it, the trial court was without authority to reduce the percentage of service required for release eligibility in this case. However, the trial court's error is clerical in nature and does not merit habeas relief.

Conclusion

We affirm the denial of habeas relief.

_____
JOHN EVERETT WILLIAMS, JUDGE

-5-