David J. CARPENTER, Petitioner,

v.

UNITED STATES PAROLE COMMISSION, United States Bureau of Prisons, Respondents.

No. CV 79–0825–RMT(Kx).

United States District Court,
C. D. California,
Civil Division.

Aug. 21, 1979.

Following the petitioner's conviction for these state offenses, the United States Board of Parole issued a parole revocation warrant in 1970. Upon his release from state custody in February 1977, the warrant was executed, and the petitioner was immediately returned to federal custody to await his parole revocation hearing. During the state custody period, correctional officers considered the petitioner an excellent worker who was responsible, cooperative, and got along well with others.

On April 15, 1977, the Parole Commission ("Commission") conducted its parole revocation hearing. The Commission recommended the petitioner's parole be revoked and that the time spent on parole (i. e., the seven years in state custody) not count as credit to the remainder of his 14-year federal sentence. The Commission decided that the petitioner should remain in custody for at least an additional 24 months.

At a statutory review hearing held in March 1979, the Commission recommended that the petitioner be reparoled on September 6, 1979 with maximum parole supervision.

The petitioner contends that his fifth amendment due process rights have been violated and he is entitled to immediate release because: (1) The Commission hearing in April 1977 did not consider his institutional record during the intervening state custody; (2) the Paroling Policy Guidelines used by the Commission to revoke his parole were vague and contradictory; and (3) the Notice of Action he was provided by the Commission after the hearing did not supply adequate reasons for revoking parole.

This court finds the petitioner's contentions without merit on all points and accordingly holds he is not entitled to immediate release.

Jeffrey B. Kupers, San Francisco, Cal., for petitioner.

Andrea Sheridan Ordin, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division, Hector C. Perez, Asst. U. S. Atty., Los Angeles, Cal., for respondents.

## OPINION

TAKASUGI, District Judge.

The petitioner was convicted of two counts of assault with a deadly weapon in 1960 and sentenced to 14 years in federal prison. After serving slightly more than eight years, he was granted mandatory parole release in 1969. Less than one year later the petitioner pleaded guilty to a series of crimes committed in California, including two counts of first degree robbery, kidnapping, forcible rape and vehicle theft.

1. Consideration of Good Behavior Reports:

The petitioner contends that the Commission violated his due process rights because it failed to consider the various favorable

reports regarding his conduct while in state custody.[1]

■ The Summary of Hearing, prepared for the Commission's internal use, indicates the petitioner's conduct during state custody was evaluated:

. . . He effected an outstanding institutional adjustment while in state custody and participated and apparently gained considerable benefit from psychotherapy. While this panel recognizes subject has made considerable strides and gained some insight into his basic behavioral problem, it believes the accountability factor is the over-riding [sic] issue in this case.

The petitioner's contention that the Commission did not consider his conduct during state custody is therefore unfounded. Moreover, the Commission is under no obligation to automatically reduce a prisoner's sentence because of good behavior. *Rifai v. United States Parole Commission*, 586 F.2d 695 (9th Cir. 1978). Consequently, this court holds that the petitioner's due process right to have his good behavior reports considered by the Commission was not violated.

2. Parole Revocation Guidelines:

The more difficult issue to resolve in this case concerns the interpretation and application of 28 C.F.R. §§ 2.21(b)(2) and 2.52(c)(2).[2]

The petitioner claims the above provisions are contradictory and have been arbitrarily and capriciously applied. The portion of § 2.21(b)(2) at issue states, without qualification, that time served on a new state or federal sentence by a parole violator *shall be* counted as time in custody. Section 2.52(c)(2) in turn provides that prior to the execution of a parole revocation warrant, time served on a new state or federal sentence *shall not be* counted as time in custody.

According to the petitioner's interpretation, § 2.21(b)(2) is controlling, and the seven years in state custody must be applied as credit to the remaining six years of his federal sentence. The petitioner contends the Commission would therefore no longer have jurisdiction over him as he has served more than 14 years.

Although the petitioner contends these provisions are contradictory, there is in fact no actual conflict. Both these provisions must be applied in context with § 2.47. Section 2.47 describes those times at which a parole revocation warrant can be issued and executed.

§ 2.47:

(a) In those instances where a parolee is serving a new sentence in an institution, a parole violation warrant may be placed against him as a detainer . . .

(b) Following a dispositional review under this section, the Regional Commissioner may:

(1) Let the detainer stand and order further review at an appropriate time; . . . (3) Order a revocation hearing to be conducted by a hearing examiner or an official designated by the regional Commissioner at the institution in which the parolee is confined. <u>the computation of the total violator term as provided by §§ 2.47(b) and (c) and 2.52(c) and (d)</u>. (Underlined portion added in 1978.)

§ 2.52 Revocation of parole or mandatory release.

(c)(2) If the parolee has been convicted of an offense committed subsequent to his release of parole, which is punishable by a term of imprisonment, forfeiture of the time from the date of such release to the date of execution of the warrant shall be ordered, and such time shall not be credited to service of the sentence . . .

---

1. 28 C.F.R. § 2.19 Information Considered:
   (a) In making a determination under this chapter (relating to release on parole), the Commission shall consider if available and relevant:
   (1) Reports and recommendations which the staff of the facility in which the prisoner is confined may make;
   . . . . .
   (5) Reports of physical, mental, or psychiatric examination of the offender.
2. § 2.21 Reparole consideration guidelines.
   (b)(2) . . . Time served on a new state or federal sentence shall be counted as time in custody. <u>This does not affect</u>

*Following a revocation hearing conducted pursuant to this section, the Commission may take any action specified at § 2.52, including the ordering of concurrent or consecutive service of all or part of any violator term . . .* (Emphasis added.)

■ In the instant case, the critical fact to be noted is that the Commission has discretion in deciding whether the parole revocation hearing will be held during the state prison term of the petitioner, § 2.47(b)(1). The record indicates the parole revocation warrant was issued in 1970, but the warrant was not executed, and a hearing was not held until after the petitioner completed the entire state prison sentence. The only time § 2.21(b)(2) is applicable and allows time served on a new state or federal sentence to be counted as time in custody are those cases where the parole revocation hearing was held during the new prison sentence. Otherwise, as in the instant case, § 2.52(c)(2) operates, and:

. . . forfeiture of the time from the date of such release to the date of the execution of the warrant shall be ordered, and such time shall not be credited to service of the sentence.

The 1978 amendment to § 2.21(b)(2) reinforces the above interpretation, as the amendment was apparently an attempt to clarify any confusion in crediting time served.

The limited availability of concurrent service of the parole violator term is also emphasized in § 2.47(c).[3] The favored policy is that even when concurrent service is possible, consecutive terms should be imposed absent strong mitigating circumstances.

■ The option to delay the revocation hearing until after the completion of the intervening prison term provides the Commission with substantial discretion in determining the ultimate length of the petitioner's sentence. Delay in holding the revocation hearing has been endorsed by the United States Supreme Court in *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). The rationale is that the institutional record of the petitioner during his intervening state custody period will help determine if parole revocation is in the best interests of society. This court is in agreement that such a delay can provide valuable insight to the Commission in determining when and/or if a parole violator should be reparoled. Therefore, this court holds that neither the application of the provisions at issue nor the delay in holding the parole revocation hearing have resulted in a violation of the petitioner's fifth amendment due process rights.

3. Notice of Action:

■ In *Morrissey v. Brewer*, 408 U.S. 479, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court held that at a parole revocation hearing due process required a written statement by the fact finder as to the evidence relied on and the reasons for revoking parole. This due process requirement for a written statement (Notice of Action) was subsequently incorporated into Title 18 U.S.C. § 4214.[4] The petitioner contends that his due process rights were violated because the Commission did not adequately state the reasons for its decision to revoke parole.

The scope and specificity required by § 4214 in the Notice of Action has not been settled in this circuit, and this court will not attempt to articulate a definitive standard. The better course of action would be to

---

**3.** § 2.47 Warrant placed as a detainer and dispositional review.

(c) It shall be the general policy of the Commission that in the absence of substantial mitigating circumstances the violator term of a parolee convicted of a new offense subsequent to release on parole shall run consecutively to any term imposed for the new offense.

**4.** § 4214 Revocation of parole.

(e) The Commission shall furnish the parolee with a written notice of its determination not later than twenty-one days, excluding holidays, after the date of the revocation hearing. If parole is revoked, a digest shall be prepared by the Commission setting forth in writing the factors considered and reasons for such action, a copy of which shall be given to the parolee.

allow the Commission to exercise its expertise in preparing the Notice of Action and examining alleged violations on a case-by-case basis.

Examining the Note of Action (See Appendix A) issued by the Commission to the petitioner, this court finds that the notice is a *minimum* satisfaction of due process requirements. While due process would be better served by the inclusion of all factors, both positive and negative that were balanced by the Commission, the *Morrissey* guidelines in the case at bar have been met.

Petition denied.

## APPENDIX A

REASONS FOR REVOCATION:

1. *Auto Theft, Rape, Kidnapping and Assault.* Basis: Your admission to the examiner panel and your conviction in the Santa Cruz County Court which led to commitments to the California State Department of Corrections.

2. *Armed Robbery (2), Kidnapping and Auto Theft.* Basis: Your admission to the charge and your conviction in Calaveras County California which led to the commitment to the California Department of Corrections.

3. *Unauthorized Possession of a Firearm.* Basis: Your admission to the examiner panel.

REASONS FOR CONTINUANCE:

Your parole violation behavior has been classified as new criminal conduct of greatest severity because you were involved in and convicted of multiple kidnapping and rape while under mandatory supervision. You have been in state and federal custody as a result of your violation behavior for a total of 86 months. Reparole guidelines (28 C.F.R. 2.21) indicate a customary range of 72 + months to be served before rerelease. After review of all relevant factors and information presented, it is found that your release at this time would depreciate the seriousness of the offense behavior and thus is incompatible with the welfare of society.

Commission guidelines for greatest severity cases do not specify a maximum limit. Therefore, the decision in your case has been based upon a comparison of the relative severity of your offense behavior with offense behavior and time ranges specified in the very high severity category.