Robbie Lee MIKELS, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. C1–83–197.

Supreme Court of Minnesota.

Oct. 21, 1983.

C. Paul Jones, Minnesota Public Defender by Margaret G. LaMarche, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas W. Foley, Ramsey County Atty. by Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

SIMONETT, Justice.

This is an appeal by Robbie Lee Mikels (aka Frank Leslie Hall) from an order of the district court denying his petition for postconviction relief from his 1980 conviction of simple robbery, a conviction based on a guilty plea which defendant wants to withdraw. We affirm.

While on federal parole defendant committed the offense of simple robbery in Minnesota. Represented by counsel, he entered a straight guilty plea to the robbery charge and requested the court to make his Minnesota sentence run concurrently with the remaining time on his federal sentence in the event the federal authorities revoked his parole. Defendant's attorney told the court he had spoken with the federal parole agent in Minneapolis and that "she indicates that there is a federal [detainer] on him but that they will probably not be doing anything with him until the State of Minnesota is finished with [him]." In sentencing defendant to an executed prison term of 30 months, which is the presumptive sentence for the offense in question by a person with a criminal history score of three, the district court stated that the sentence "may be served concurrently with any

other time that he might be compelled to serve pursuant to any federal court order." The federal authorities, however, deferred revoking defendant's federal parole until after defendant was released from prison in Minnesota, thereby preventing the concurrent service of the state sentence with the federal sentence.

Although distinguishable on its facts, *State ex rel. Morris v. Mohn,* 267 S.E.2d 443 (W.Va.1980), is instructive. In that case, Morris, while on federal parole, committed the crime of armed robbery in West Virginia. He subsequently entered a guilty plea pursuant to a plea agreement specifically providing that his 10-year sentence would run concurrently with his federal sentence. The United States Parole Commission then prevented this provision of the plea agreement from being carried out by deferring revocation of Morris' parole until after he had completed his state sentence. This decision apparently was made pursuant to "a general federal policy prohibiting concurrency of sentence where the federal parolee commits a state crime while on parole and is sentenced to imprisonment on the state crime." 267 S.E.2d at 447. This policy "militates against concurrency of sentence and ordinarily prevents the performance of a state commitment made in a plea bargain agreement which provides that the state sentence will run concurrently with the underlying federal sentence upon which the defendant was paroled." 267 S.E.2d at 447. Concluding that the defendant's guilty plea was entered based on a promise of concurrency that would not be fulfilled, the court ruled that defendant could withdraw his plea and stand trial.

The key difference between this case and the *Morris* case is the record in this case establishes that there was no plea bargain and no promise of concurrency or any other justification for defendant to assume, if that is what he did, that his state sentence necessarily would run concurrently with the federal sentence. Indeed, defense counsel's statement to the court indicates that he had been told by the federal parole agent that the federal authorities probably would not revoke defendant's parole until after defendant was released from prison in Minnesota. Under the circumstances, we have no hesitancy in holding that the district court properly denied defendant's petition for relief.

Affirmed.