IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville July 26, 2005

## JAMES RAY BARTLETT v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13544      Robert Jones, Judge**

---

**No. M2004-03057-CCA-R3-HC - Filed October 19, 2005**

---

The petitioner, James Ray Bartlett, appeals from the denial of his petition for writ of habeas corpus. In this appeal as of right, the petitioner asserts that the judgments of conviction for aggravated assault and four counts of theft are void because the sentences are illegal. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and J.C. MCLIN, JJ., joined.

R.H. Stovall, Assistant Public Defender, Columbia, Tennessee, for the appellant, James Ray Bartlett.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and Joel Dicus, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 22, 1989, the petitioner entered a plea of guilty to one count of aggravated assault in case number 009-89 in the Lincoln County Circuit Court. The trial court imposed a two-year sentence to be served in the local jail. The trial court granted probation on January 4, 1990. Less than one month later, the petitioner was arrested in Coffee County and charged with driving under the influence and driving on a cancelled license. On March 25, 1990, the petitioner was charged in Coffee County with reckless driving, driving on a cancelled license, and failure to yield to blue lights. On the following day, the petitioner was charged in Moore County with two counts of burglary, driving on a suspended license, killing a deer out of season, carrying a weapon with the purpose of going armed, public drunkenness, and hunting deer with the aid of an artificial light. On March 28, 1990, the petitioner was charged in Lincoln County with two counts of theft. On the following day, the petitioner failed to appear in the Coffee County General Sessions Court on the initial charges in that county. Four days after he failed to appear, the petitioner was charged in

Lincoln County with failure to yield to blue lights, driving on a revoked license, and reckless endangerment.

On April 4, 1990, a probation violation warrant was filed in Lincoln County, wherein it was alleged that the petitioner had violated the terms of his probation by violating probation rule number 6, requiring him to report "all arrests, including traffic citations," and rule number 10, requiring him to obey all federal and state laws as well as local ordinances. The officer's return indicates that the petitioner was arrested on either April 5 or 6, 1990. On May 25, 1990, the petitioner, who had apparently been released in the interim, was again arrested in Lincoln County and later indicted for nine counts of burglary, four counts of theft over $1000, and one count of arson.[1] A probation violation report and amended warrant was filed on July 10, 1990. The warrant includes allegations that the petitioner was to be arraigned on those charges on June 8, 1990, but had escaped from the Lincoln County jail two days earlier. According to the amended warrant, Moore County, Coffee County, Madison County, and the State of Alabama had all filed detainers against the petitioner.

In October of 1990, the petitioner was indicted for one count of theft over $1000 in case number 283-90, one count of theft over $1000 in case number 284-90, one count of theft over $1000 in case number 285-90, one count of theft over $10000 in case number 286-90, and one count of escape in case number 287-90. On November 15, 1990, the petitioner entered guilty pleas to four counts of theft over $1000 stemming from the October indictments. He also pled guilty to the probation violation on the same day. The trial court imposed consecutive four-year sentences for the theft convictions. An order revoking the petitioner's probation was filed on December 4, 1990. Another order, filed one week later provided that the remainder of the petitioner's two-year sentence was to be served "concurrently with all other cases in Lincoln and Moore Counties."

Some two years later, the trial court granted the petitioner's motion requesting probation and ordered that the petitioner serve the balance of his entire sentence "on the Community Corrections Program." On November 1, 1994, a probation violation warrant was filed wherein it was alleged that the petitioner violated the terms of his probation by being convicted of DUI, driving on a revoked license, five counts of reckless driving, and evading arrest. The trial court revoked probation and ordered the petitioner to serve the balance of his sentences in the Department of Correction.

On July 21, 2004, the petitioner filed this petition for writ of habeas corpus, alleging that the judgments in case numbers 009-89 (aggravated assault), 283-90 (theft over $1000), 284-90 (theft over $1000), 285-90 (theft over $1000), and 286-90 (theft over $1000) are void because the Lincoln County trial court imposed an illegal sentence. Citing Rule 32 of the Tennessee Rules of Criminal Procedure, the petitioner asserted that because he committed the four theft offenses while on escape, the trial court was required by law to order the sentences for those offenses be served consecutively to the remainder of the two-year sentence for aggravated assault in case number 009-89. It was his contention that the sentences were illegal because the trial court ordered that the remainder of the two-year sentence be served concurrently with the four, four-year sentences. The trial court

---

[1]The resolution of these charges is not clear from the record.

appointed counsel and a hearing was held on September 30, 2004. At the conclusion of the hearing, the trial court denied habeas corpus relief, ruling as follows:

> The Court . . . concludes from a study of these cases and from studying Rule 32 that the sixteen-year package for Lincoln County offenses committed while the [petitioner] was on escape status should have been consecutive, not only to any sentence he might have received for the escape itself, and, of course, he received none, but, also, looking back to the introductory language of (c)(3), . . . those sixteen years should have been consecutive to the sentence not yet fully served, which would have been aggravated assault, two-year sentence, and possibly even the Moore County sentences. But I think it was consecutive to the Moore County sentences, so there's no error there.

> So the only error was in ordering the two-year sentence for which probation was being revoked to run concurrently. The fact that that messed up his plea deal doesn't matter in a habeas corpus proceeding because to the extent he didn't understand or might have wanted to withdraw or thought his counsel was ineffective or anything else, those would be post-conviction relief proceedings that he would have filed within one year of the judgment . . . .

> . . . .

> The Court concludes that the four four-year sentences are lawful and not subject to attack on habeas corpus petition. . . .

> The Court finds that [the] order for the two-year sentence on the revocation in the aggravated assault case, . . . is void, and . . . any time he served since November 15, 1990, shall be credited by the Tennessee Department of Correction[] on his Moore County cases and his four four-year sentences for offenses occurring in 1990 and that his eligibility for release shall be determined accordingly.

> . . . .
> [W]hatever time he had out of Lincoln County and for whatever time he had on the four four-year sentences, he started building that on November the 15th, 1990, and that any time he built after that - - real time, good and honor time, whatever - - would count toward the Moore County cases and those specific sixteen years from the 1990 offenses and that if that gives him enough time for relief, then he's entitled to immediate relief.

The writ of habeas corpus is guaranteed by Article 1, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. Although the writ of habeas corpus is constitutionally

guaranteed, it has been regulated by statute for more than a hundred years. See Ussery v. Avery, 222 Tenn. 50, 53, 432 S.W.2d 656, 657 (1968). Our current code provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101 (2003).

Although the language of the statute is broad, the courts of this state have long held that a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery, 222 Tenn. at 55, 432 S.W.2d at 658; see also State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Unlike the federal writ of habeas corpus, relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsome v. Henderson, 221 Tenn. 24, 30, 424 S.W.2d 186, 189 (1969). A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts, 833 S.W.2d at 62; State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 246, 364 S.W.2d 887, 888 (1963).

The policy behind limiting habeas corpus relief to facially void convictions is "grounded on the strong presumption of validity that attaches to final judgments of courts of general jurisdiction." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). In Ritchie, our supreme court reiterated the limited nature of habeas corpus relief:

> In all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances. Unlike the procedures governing the availability of the federal writ of habeas corpus, our procedures do not contemplate that a petitioner may relititgate facts in a habeas corpus proceeding. Because a conviction is either void on its face for want of jurisdiction, or it is not, the need for an evidentiary hearing in a habeas corpus proceeding should rarely arise . . . .

Id.

In this case, the petitioner asserts that his judgments are void because the sentence is illegal. He specifically asserts that the sentence is illegal because the trial court ordered that the two-year sentence be served concurrently when a consecutive sentence was mandated by law.

Rule 32(c)(3), which governs mandatory consecutive sentencing, provides as follows:

> Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly orders or not. The rule shall apply:
> > (A) to a sentence for a felony committed while on parole for a felony;
> > (B) to a sentence for escape or for a felony committed while on escape;
> > (C) to a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses; and
> > (D) any other ground provided by law.

Tenn. R. Crim. P. 32(c)(3). Here, the petitioner's two-year aggravated assault sentence was not yet fully served and he was on escape status when he committed the four felony thefts. In consequence, the unserved portion of the two-year sentence should have been ordered to be served consecutively to the sixteen-year effective sentence the petitioner received for the theft offenses. Thus, that portion of the sentence ordering concurrent service of the two-year sentence is illegal. That the sentence in case number 009-89 is illegal does not mean, however, that the petitioner is entitled to immediate release.

The record establishes that the two-year sentence has long since expired. The petitioner served nine months of the sentence prior to being granted probation. He has been continuously confined in the Department of Correction since 1994. The record also establishes that the petitioner has other, unexpired sentences. While it is true that expiration of the sentence is a ground for habeas corpus relief, it is clear from the record that the petitioner is not currently restrained of his liberty as a result of the aggravated assault conviction in case number 009-89.

Recently, in Hickman v. State, 153 S.W.3d 16 (Tenn. 2004), our supreme court addressed whether a petitioner was entitled to seek habeas corpus relief from a judgment when the sentence had been fully served. In Hickman, the petitioner pled guilty to one count of possession of marijuana in 1986 and received a ten-day suspended sentence and a fifty-dollar fine. Some sixteen years later, after being convicted of a subsequent crime and facing possible sentence enhancement in the United States District Court, the petitioner filed a petition for writ of habeas corpus, contending that the possibility of sentence enhancement based upon the 1986 conviction was a restraint on his liberty. Our supreme court affirmed the trial court's dismissal of the petition, holding that while a person may be restrained of liberty without being physically confined, the possibility of future sentence enhancement was not a restraint of liberty sufficient to permit the filing of a petition for writ of habeas corpus. Id. at 22. Our high court ruled that a petitioner may seek habeas corpus relief only "when the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement." Id. Because the petitioner in this case is not restrained of his liberty as a result of the conviction in case number 009-89, he is not entitled to relief.

Furthermore, the petitioner would not be entitled to withdraw his guilty plea to the theft offenses pursuant to the holding in McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), because he failed

to establish that he pled guilty in exchange for concurrent sentencing. In <u>McLaney</u>, our supreme court held that when a petitioner enters a guilty plea in exchange for a sentence that is illegal, the petitioner is entitled to withdraw his guilty pleas once the judgment is rendered void. <u>Id.</u> at 95. Our high court noted that "it has been recognized that 'there can be little doubt that a guilty plea entered pursuant to a plea bargain which promises a concurrent sentence must be set aside where the promise of concurrency is not fulfilled.'" <u>Id.</u> (quoting <u>West Virginia ex rel. Morris v. Mohn</u>, 165 W. Va. 145,152, 267 S.E.2d 443, 448 (W.Va. 1980)). In this case, the only indication that concurrent service of the two-year aggravated assault sentence in case number 009-89 was part of a plea agreement is the petitioner's testimony at the hearing on the petition for writ of habeas corpus. Nothing in the record suggests that the petitioner pled guilty on the condition that the two-year sentence be served concurrently to the sixteen-year sentence. Although the petitioner apparently pled guilty to the probation violation on the same day that he pled guilty to the theft offenses, the order requiring concurrent service of the two-year sentence was not filed until nearly one month later and one week after the initial order revoking probation. Further, the record establishes that the petitioner got the benefit of any bargain he may have made because the Department of Correction treated the two-year sentence as concurrent rather than consecutive. In consequence, it is our view that the effective sentence imposed in the theft cases, sixteen years, is lawful and that the judgments in those cases are not void.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE