IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 29, 2005

## STEPHEN LAJUAN BEASLEY v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Bledsoe County**
**No. 69-2004     Buddy Perry, Judge**

---

**No. E2005-00367-CCA-MR3-HC - Filed December 27, 2005**

---

The petitioner, Stephen Lajuan Beasley, appeals the summary dismissal of his petition for habeas corpus relief. In this appeal, he alleges that his conviction is void because the indictment was defective and because the sentence was illegal. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Stephen Lajuan Beasley, Pikeville, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; J. Michael Taylor, District Attorney General; and James W. Pope, III, Assistant District Attorney General, for appellee, State of Tennessee.

**OPINION**

On October 20, 1994, the petitioner was convicted of first degree premeditated murder and sentenced by a jury to life imprisonment without the possibility of parole. This court affirmed the conviction and sentence on direct appeal. See State v. Stephen Lajaun Beasley, No. 03C01-9509-CR-00268 (Tenn. Crim. App., at Knoxville, Oct. 10, 1996). Our supreme court denied the petitioner's application for permission to appeal on April 27, 1998. The petitioner filed a petition for post-conviction relief that was denied after an evidentiary hearing. On direct appeal, this court affirmed the denial of post-conviction relief. See Stephen Lajaun Beasley v. State, No. E2000-01336-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Apr. 17, 2001). The petitioner's application for permission to appeal was denied by our supreme court on October 29, 2001.

In 2004, the petitioner filed this petition for habeas corpus relief alleging that the indictment was defective; that the state improperly amended the indictment during trial; that there was a fatal variance between the indictment and the proof at trial; and that the sentence was illegal because the

jury was permitted to consider improper evidence during the sentencing phase. The trial court summarily dismissed the petition, ruling that the petitioner's allegations as to the indictment, even if true, would not render the judgment void. The trial court also concluded that the specific claim raised by the petitioner alleging that his sentence was illegal was not a cognizable ground for habeas corpus relief.

In this appeal, the petitioner asserts that the trial court erred by summarily dismissing his petition. He contends that his sentence is illegal because the trial court erroneously checked the box on the judgment form indicating that he is a standard offender with a thirty percent release eligibility date; that his sentence is illegal because the jury was permitted to consider improper evidence during the sentencing phase; that the indictment is defective; and that the state improperly amended the indictment during the trial by offering proof of felony murder. The state submits that the trial court's erroneous mark on the judgment form is a clerical error and does not render the judgment void. It submits that the remaining claims do not present a proper basis for habeas corpus relief.

The writ of habeas corpus is guaranteed by Article 1, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. Although the writ of habeas corpus is constitutionally guaranteed, it has been regulated by statute for more than one hundred years. See Ussery v. Avery, 222 Tenn. 50, 53, 432 S.W.2d 656, 657 (1968). Our current code provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101 (2003).

Although the language of the statute is broad, the courts of this state have long held that a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery, 222 Tenn. at 55, 432 S.W.2d at 658; see also State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Unlike the federal writ of habeas corpus, relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsome v. Henderson, 221 Tenn. 24, 30, 424 S.W.2d 186, 189 (1969). A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts, 833 S.W.2d at 62; State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 246, 364 S.W.2d 887, 888 (1963).

The policy behind limiting habeas corpus relief to facially void convictions is "grounded on the strong presumption of validity that attaches to final judgments of courts of general jurisdiction."

State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). In Ritchie, our supreme court reiterated the limited nature of habeas corpus relief:

> In all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances. Unlike the procedures governing the availability of the federal writ of habeas corpus, our procedures do not contemplate that a petitioner may relititgate facts in a habeas corpus proceeding. Because a conviction is either void on its face for want of jurisdiction, or it is not, the need for an evidentiary hearing in a habeas corpus proceeding should rarely arise . . . .

Id. at 633.

The petitioner contends that his sentence is illegal because the jury was permitted to consider improper evidence during the sentencing phase. He claims that the trial court erroneously permitted the state to introduce evidence of the underlying facts of the prior conviction that was cited as an aggravating factor. It is our view, however, that even if the petitioner's claim were true, such an error would not qualify as a jurisdictional defect and would render the judgment voidable rather than void. In consequence, the petitioner is not entitled to habeas corpus relief on this claim. See Henderson, 221 Tenn. at 30, 424 S.W.2d at 189.

The petitioner also contends that his sentence is illegal because the trial court erroneously checked the box on the judgment form providing that he was a standard offender with a thirty percent release eligibility date. The judgment form indicates that the petitioner was convicted of first degree murder and sentenced to life imprisonment without the possibility of parole. In the area of the judgment form pertaining to release eligibility, the trial court properly checked the box indicating that the petitioner was convicted of first degree murder but also erroneously checked the box indicating that the petitioner was a standard offender with a thirty percent release eligibility date. Citing McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), the petitioner argues that the trial court's marking of the erroneous release eligibility date renders the judgment void.

In McLaney, our supreme court held that when a petitioner enters a guilty plea in exchange for a sentence that is illegal, the petitioner is entitled to withdraw his guilty plea once the judgment is rendered void. Id. at 95. Our high court noted that "it has been recognized that 'there can be little doubt that a guilty plea entered pursuant to a plea bargain which promises a concurrent sentence must be set aside where the promise of concurrency is not fulfilled.'" Id. (quoting West Virginia ex rel. Morris v. Mohn, 165 W. Va. 145,152, 267 S.E.2d 443, 448 (1980)).

Tennessee Code Annotated section 40-35-501 provides that "[t]here shall be no release eligibility for a defendant receiving a sentence of imprisonment for life without possibility of parole for first degree murder." Tenn. Code Ann. § 40-35-501(h)(2). Because the petitioner received such a sentence, he was not entitled to a release eligibility date. Thus, the trial court's marking of the

thirty percent release eligibility box was in direct contravention of the statute. It is our view, however, that the error does not entitle the petitioner to habeas corpus relief because it can be classified as a clerical error as opposed to a void judgment. In this case, it was not the trial court that imposed the sentence. The judgment expressly states that the sentence is "life without the possibility of parole." The petitioner concedes as much and does not, as did McLaney, argue that it was his belief that he would be released after service of thirty percent of the sentence. The reference to thirty percent release eligibility is superfluous. Thus, the error can be classified as clerical in nature and the petitioner is not entitled to habeas corpus relief. See Coleman v. Morgan, 159 S.W.3d 887, 890 (Tenn. Crim. App. 2004) ("For an illegal sentence claim to support a claim for habeas corpus relief, however, the illegality of the sentence must be egregious to the point of voidness. . . . Thus, mere clerical errors in the terms of a sentence may not give rise to a void judgment." (citing Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001)).

Although the petitioner has raised three related claims with regard to the indictment, he has failed to include a copy of the indictment in the record on appeal. It is the duty of the appellant to prepare a complete and accurate record on appeal. Tenn. R. App. P. 24(b). The failure to prepare an adequate record for review results in a waiver of the issue. Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997). Moreover, even if the indictment had been made a part of the record, the petitioner would not be entitled to relief on the merits.

The petitioner first claims that the indictment was defective but he does not allege a particular deficiency. The trial court's order dismissing the petition makes reference to the following language in the indictment:

> That [the petitioner] heretofore on October 19, 1993, in the County aforesaid, did unlawfully, intentionally, deliberately, and with premeditation kill Ugandra Shibley, in violation of Tennessee Code Annotated 39-13-202 . . . .

This language identifies all of the elements of the crime. There is a reference to the applicable statute. That is enough. See generally State v. Hill, 954 S.W.2d 725 (Tenn. 1997).

In related issues, the petitioner alleges that the state constructively amended the indictment by presenting proof that the petitioner was guilty of felony murder in addition to proof that he was guilty of premeditated murder. He also complains, on the same basis, that there was a fatal variance between the indictment and the proof at trial. Neither issue presents a cognizable ground for habeas corpus relief.

Accordingly, the judgment of the trial court dismissing the petition for habeas corpus relief is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-4-