# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**April 15, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Roger Smith,**
**Petitioner Below, Petitioner**

**vs) No. 15-0788** (Barbour County 15-C-43)

**Karen Pszczolkowski, Warden,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roger Smith, pro se, appeals the July 22, 2015, order of the Circuit Court of Barbour County summarily denying his petition for writ of habeas corpus. Respondent Warden, by counsel Jonathan E. Porter, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In Barbour County, petitioner robbed a congregation during a church service on June 17, 1990. In Doddridge County, petitioner robbed a bank on June 21, 1990, and attempted to rob the same bank on June 30, 1990. While the Doddridge County charges were still pending, petitioner entered into a plea agreement with regard to the Barbour County charges. Petitioner agreed to plead guilty to one count of armed robbery. In exchange, the State agreed to dismiss the remaining twenty-three counts of the indictment and to recommend that petitioner's sentence be served concurrently with any sentence imposed by the Circuit Court of Doddridge County. At a June 10, 1991, plea hearing, the Circuit Court of Barbour County explained to petitioner that the State's recommendation of concurrent sentencing was nothing more than that and that "whether or not [his sentence] would run concurrently would be up to the [c]ourt itself."

At petitioner's November 20, 1991, sentencing hearing, the Barbour County Circuit Court sentenced petitioner to 100 years of incarceration and, following the State's recommendation, ordered that his sentence be served concurrently with any sentence imposed by the Doddridge County Circuit Court. The Barbour County Circuit Court addressed the possibility that petitioner

would be prosecuted federally for his Doddridge County crimes rather than by the State of West Virginia. In the event of a federal prosecution, the Barbour County Circuit Court ruled that petitioner's sentence "may" be served concurrently with any federal sentence.

Petitioner was prosecuted by the federal government for his Doddridge County crimes. On July 24, 1992, the United States District Court for the Northern District of West Virginia ("federal district court") sentenced petitioner for those crimes. The federal district court imposed a twenty-five year term of incarceration and directed that it be served consecutively to petitioner's hundred-year sentence in Barbour County. Consequently, petitioner's counsel filed a motion for reconsideration of sentence in the Barbour County Circuit Court to address a situation "outside the control of this [c]ourt." The Barbour County Circuit Court held a hearing on the motion on December 8, 1992, at which petitioner was allowed to appear both by counsel and in person. Petitioner's counsel requested that (1) petitioner's state sentence be reduced from 100 to fifty years of incarceration; and (2) petitioner be allowed to serve his federal sentence before his state sentence because the then-mandatory federal sentencing guidelines left the federal district court no choice but to order that his federal sentence be served consecutive to his state sentence. The Barbour County Circuit Court denied the motion for reconsideration of sentence. First, the Barbour County Circuit Court ruled that a 100-year term of incarceration was not disproportionate to the offense of robbing a church congregation. Second, with regard to petitioner's federal term of incarceration, the Barbour County Circuit Court ruled that if petitioner wanted relief from consecutive sentences, he would need to seek that relief in the federal district court stating that "I don't see it as being this county's concern."

Subsequently, petitioner has filed multiple petitions for writ of habeas corpus that the Barbour County Circuit Court has denied without a hearing and without appointing counsel. In his habeas petition in No. 14-C-7, petitioner alleged, in pertinent part, that he was promised concurrent sentencing as an inducement for him to plead guilty in the Barbour County Circuit Court. The Barbour County Circuit Court rejected petitioner's contention, and found that it followed the State's recommendation with regard to concurrent sentencing and that petitioner's consecutive sentences resulted from an order of the federal district court. The Barbour County Circuit Court concluded that any relief from the federal district court's order "should be sought in the Federal system, not through a State habeas petition."

Petitioner appealed the denial of his habeas petition in No. 14-C-7. Petitioner chose not to raise his consecutive sentences on appeal, but did raise the issue of whether his 100-year term of incarceration was disproportionate to the offense of robbing a church congregation. In *Smith v. Pszczolkowski*, No. 14-0231, 2014 WL 4662529, at *3-4 (W.Va. Sept. 19, 2014), we rejected petitioner's arguments and affirmed the denial of habeas relief. In so ruling, we determined that the December 8, 1992, hearing on petitioner's motion for reconsideration of sentence counted as a "post-conviction hearing" for purposes of those issues addressed at that hearing. *Id.* at *3.

Petitioner filed his instant habeas petition, No. 15-C-43, on July 8, 2015,[1] asking that he be released into "federal custody" so that he could begin serving that sentence.[2] The circuit court summarily denied the petition by an order entered July 22, 2015. The circuit court adopted and incorporated by reference its February 7, 2014, order that denied petitioner's habeas petition in No. 14-C-7, which, as noted *supra*, contained pertinent findings. The circuit court further found that "the [federal district court] was free to impose a consecutive sentence" and that "this [c]ourt is without jurisdiction to change a ruling of the [federal district court]."

Petitioner now appeals the circuit court's July 22, 2015, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner raises two procedural and one substantive issue. Procedurally, petitioner argues (1) the circuit court was required to hold a hearing and appoint counsel prior to denying petitioner's habeas petition; and (2) the circuit court was required to make additional findings justifying the denial of petitioner's habeas petition.[3] We address these issues in turn. First, assuming, arguendo, that the circuit court could not summarily deny the instant petition

---

[1]Petitioner originally filed the instant petition in the Circuit Court of Marshall County, the place of his incarceration, which court transferred the case to the Barbour County Circuit Court.

[2]Both petitioner and the circuit court called his petition a petition for writ of mandamus. However, because petitioner sought an order compelling respondent to release him from state custody, we construe his petition as a petition for writ of habeas corpus. *See Beane v. Dailey*, 226 W.Va. 445, 447, 701 S.E.2d 848, 850 (2010) ("[W]e are not bound by the label[s] employed below, and will treat [matters] made pursuant to the most appropriate rule.") (Internal quotations and citations omitted.)

[3]In Syllabus Point 1 of *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997), we held that "West Virginia Code [§] 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined."

pursuant to Syllabus Point 1 of *Perdue*, we find that the circuit court previously addressed petitioner's consecutive sentences at the November 20, 1991, sentencing hearing; at the December 8, 1992, hearing on petitioner's motion for reconsideration of sentence; and in the habeas proceeding in No. 14-C-7. At the November 20, 1991, and the December 8, 1992, hearings, petitioner had counsel. In *Smith*, we found that the December 8, 1992, hearing counted as a "post-conviction hearing" for purposes of those issues addressed at that hearing. 2014 WL 4662529, at *3.[4] Furthermore, we find that the circuit court made findings and rulings with regard to petitioner's consecutive sentences in all three of the aforementioned proceedings. Moreover, the circuit court made additional findings when it summarily denied the instant petition. Therefore, we reject petitioner's procedural arguments as lacking in merit.[5]

Substantively, petitioner argues that his plea agreement with the State of West Virginia was void because its term providing for concurrent sentences was unfulfillable. *See* Sly. Pt. 3, *State ex rel. Morris v. Mohn*, 165 W.Va. 145, 267 S.E.2d 443 (1980). In *Morris*, a defendant filed a petition for writ of habeas corpus after the State and the circuit court promised him that his state and federal sentences "would" run concurrently even though his federal parole revocation proceedings were not imminent. *Id.* at 150, 267 S.E.2d at 446. We granted the defendant's writ in *Morris* because the promise was legally impossible to perform as neither the State nor the circuit court had control over the defendant's federal parole revocation proceedings. *Id.* However, in *Leeper-El v. Hoke*, 230 W.Va. 641, 646 n. 8, 741 S.E.2d 866, 871 n. 8 (2013), we noted that our holding in *Morris* did not apply to cases in which the State and the circuit court only promise that a defendant would be allowed to serve concurrent sentences to the extent that concurrent sentences are permitted in the federal system. In the instant case, when the possibility was raised that petitioner would be facing a federal sentence, the circuit court ruled that petitioner's sentence "may" be served concurrently with any federal sentence. Given that the circuit court ruled that petitioner was allowed to serve concurrent sentences to the extent that such sentences were permitted in the federal system, we find that that term of petitioner's plea agreement was fulfilled. Therefore, we conclude that the circuit court did not abuse its discretion in summarily denying petitioner's instant petition for writ of habeas corpus.

For the foregoing reasons, we affirm.

Affirmed.

---

[4] Pursuant to Rule 21(a) of the West Virginia Rules of Appellate Procedure, our memorandum decision in *Smith* constitutes a decision on the merits.

[5] Petitioner also alleges that Judge John L. Waters, who presided at the November 20, 1991, and the December 8, 1992, hearings, and Judge Alan D. Moats, who presided in the habeas proceedings in Nos. 14-C-7 and 15-C-43, were biased against him. We find that the judges were not prejudiced merely because they made rulings unfavorable to petitioner.

**ISSUED: April 15, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

5