IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 8, 2006

### DERRICK SAWYERS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 13738    Robert Holloway, Judge**

---

**No. M2006-00607-CCA-R3-HC - Filed Janaury 16, 2007**

---

The Wayne County Circuit Court dismissed Derrick Sawyers' petition for a writ of habeas corpus because the petitioner was not restrained of his liberty by reason of the challenged Davidson County convictions. The petitioner's plea agreement called for a combination of consecutive and concurrent sentencing for three unrelated offenses, the last two of which were committed while the petitioner was on bond. Upon our review of the record and the applicable law, we vacate the circuit court's order and remand.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is VACATED; Case REMANDED.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

M. Wallace Coleman, Jr., Lawrenceburg, Tennessee, for the Appellant, Derrick Sawyers.

Robert E. Cooper, Jr., Attorney General & Reporter; and Brent C. Cherry, Assistant Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The record reflects the follow chronology of events that are material in this habeas corpus proceeding:

| | | |
|---|---|---|
| August 19, 1995 | Petitioner sold less than .5 grams cocaine | (case 1) |
| August 19, 1995 | Petitioner arrested and released on bond | (in case 1) |
| November 28, 1995 | Petitioner possessed cocaine for resale | (case 2) |

| | | |
|---|---|---|
| November 29, 1995 | Petitioner arrested and released on bond | (in case 2) |
| January 13, 1996 | Petitioner committed second degree murder | (case 3) |
| September 27, 1996 | Petitioner pleaded guilty | (cases 1, 2, & 3) |

The petitioner was free on bond in case 1 when he committed the offense in case 2. He was likewise free on bond in case 2 when he committed the offense in case 3.

The sentences imposed in the three cases on September 27, 1996, were as follows:

| | | |
|---|---|---|
| Case 1 | Three years | concurrent with case 2; consecutive to case 3 |
| Case 2 | Eight years | concurrent with cases 1 & 3 |
| Case 3 | 25 years | consecutive to case 1; concurrent with case 2. |

The petitioner is still serving his effective 28-year sentence.

The habeas corpus court found that the "eight (8) year sentence [in case 2], which was run concurrently to the twenty-eight (28) year effective sentence, began to run upon incarceration and has expired." The court added, "The promise of concurrenc[e] has been fulfilled." Consequently, the habeas corpus court held that the petitioner was not "currently restrained of his liberty because of the eight (8) year sentence" and that, therefore, "habeas corpus relief is not available."

On appeal the petitioner claims that, because he was free on bond when he committed the offenses in cases 2 and 3, the trial court was constrained to impose the sentences in those cases to run consecutively to each other and to the sentence imposed in case 1. Because of the illegal concurrent sentences, he argues on appeal, a writ of habeas corpus should issue to vacate the sentences.

*I. Applicable Law*

A. Standards for relief and of review

The legal issues raised in a habeas corpus proceeding are questions of law, and appellate review of questions of law is de novo. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Habeas corpus relief is available only when the aggrieved party's conviction is void or the sentence has expired. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

B. Void judgment as ground for relief

A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Id.; see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in the present case the petitioner is yet serving his effective sentence and the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's ground for habeas corpus relief is limited to jurisdictional issues surrounding the trial court's authority to enter the judgments. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

(1) Nature of judgment's invalidity

The burden of proving that a judgment is void "entails showing that the jurisdictional defect appears in the record of the original trial, thereby creating a void judgment." *McLaney v. Bell*, 59 S.W.3d 90, 93 (Tenn. 2001). The petitioner must show via the face of the judgment or the record of the proceedings upon which the judgment is rendered that the court lacked jurisdiction to sentence the defendant. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). In contrast, "'[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity.'" *McLaney*, 59 S.W.3d at 93 (quoting *Taylor v. State*, 995 S.W.2d 78, 93 (Tenn. 1999)). "[N]o evidentiary hearing shall justify the issuance of the writ. Accordingly, when the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." *Id.* (citation omitted).

(2) Invalid sentence as basis for relief

The invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment and is a sufficient basis for habeas corpus relief. *See Stephenson*, 28 S.W.3d at 911 (stating that a void sentence, as well as a void conviction, may result in a void judgment and be the subject of a habeas corpus proceeding). For an illegal sentence claim to support a claim for habeas corpus relief, however, the illegality of the sentence must be egregious

to the point of voidness. *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). An "illegal" sentence equates to a "jurisdictional defect." *McLaney*, 59 S.W.3d at 92. In *McConnell v. State*, 12 S.W.3d 795 (Tenn. 2000), the supreme court said, "The 1989 Act establishes the outer limits within which [a sentence may be fashioned], and the courts are bound to respect those limits." *Id.* at 799; *see, e.g., William Boyd v. State*, No. E1999-02179-CCA-R3-PC, slip op. at 5-6 (Tenn. Crim. App., Knoxville, Nov. 6, 2000) (holding that 100 percent release eligibility is beyond the outer limits of release eligibility percentage for even career offenders, and sentence is subject to habeas corpus attack); *see also Stephenson*, 28 S.W.3d at 911-12 (holding first degree murder sentence expressed as life sentence without possibility of parole subject to habeas corpus relief when, at the time of the offense, a life sentence without the possibility of parole was not possible).

In *McLaney*, the habeas corpus petitioner complained that his concurrent alignment of a sentence for a pre-bail offense with sentences for post-bail offenses was void. *See McLaney*, 59 S.W.3d at 92. Apparently, McLaney bargained for and obtained a global plea agreement that embraced sentences for aggravated rape (the pre-bail offense) and for rape and burglary (the post-bail offenses). *See State v. Jackie W. McLaney*, No. 74 (Tenn. Crim. App., Knoxville, Mar. 31, 1988) (on McLaney's appeal from denial of post-conviction relief, appellate court reveals that, even though the guilty plea to aggravated rape was entered two days before the guilty pleas to rape and burglary, the various pleas were part and parcel of one plea agreement). In *McLaney*, the supreme court said that "if the facts [were] as alleged, the trial court imposed a sentence in direct contravention of the sentencing act . . . [and] this would create an illegal sentence." *McLaney*, 59 S.W.3d at 93. Despite McLaney's habeas corpus allegations of such a void sentence, the habeas corpus court declined to appoint counsel or to afford him a hearing. The supreme court reversed and required the habeas corpus court to determine whether "the record of the underlying proceedings clearly showed that the latter rape and burglary offenses were committed while McLaney was on bail." *Id.* at 94.

C. Status of a a petitioner's restraint

Additionally, to obtain a release from custody via a habeas corpus proceeding, the petitioner must establish that he or she is imprisoned or restrained of his or her liberty "as a direct consequence" of the judgments being challenged. *See Hickman v. State*, 153 S.W.3d 16, 23-24 (2004); *see also* T.C.A. § 29-21-101 (2000). Although a petitioner remains incarcerated under a lawful, unexpired sentence, an earlier or different sentence that has expired no longer imposes "any further restraint upon . . . [the petitioner's] physical movement or action." *Hickman*, 153 S.W.3d at 24. Such a petitioner is entitled to no relief *vis a vis* the expired sentence. *Id.* at 23 (holding "that a person is not 'restrained of liberty' for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement"); *see Jubal Carson v. David Mills*, No. W2005-00745-CCA-R3-HC, slip op. at 5 (Tenn. Crim. App., Jackson, Jan. 4, 2006) (holding that "even if the [second set of] sentences were imposed to run concurrently with the escape sentence, the [second set of] sentence[s] had expired before the petition was filed[; thus, although] the petitioner is imprisoned, he is not restrained of his liberty as a direct consequence of the [second set of] sentences and is entitled to no [habeas corpus] relief from those sentences"); *see also Benson v. State*, 153 S.W.3d 27, 32 (Tenn. 2004) ("The sentences complained of were

served and expired before the petitioner filed a habeas corpus petition to challenge them, therefore, he is not presently 'imprisoned or restrained of liberty' by any of the challenged convictions.").

## II. Application

A. Introduction

The petitioner relies upon Tennessee Code Annotated section 40-20-111, Tennessee Rule of Criminal Procedure 32(c)(3), and *McLaney* to attack the habeas corpus court's ruling. Code section 40-20-111 provides:

> (a) When any person has been convicted of two (2) or more offenses, judgment shall be rendered on each conviction after the first, providing that the terms of imprisonment to which such person is sentenced shall run concurrently or cumulatively in the discretion of the trial judge. The exercise of the discretion of the trial judge shall be reviewable by the supreme court on appeal.
>
> (b) *In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.*

T.C.A. § 40-20-111 (2003) (emphasis added). Tennessee Rule of Criminal Procedure 32(c)(3) provides:

> (c) Concurrent or Consecutive Sentences.
>
> . . . .
>
> (3) Mandatory Consecutive Sentences. Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> (A) to a sentence for a felony committed while on parole for a felony;

(B) to a sentence for escape or for a felony committed while on escape;

(C*) to a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses*;  and

(D) any other ground provided by law.

Tenn. R. Crim. P. 32(c)(3) (emphasis added).  These provisions for mandatory consecutive sentences were operative in *McLaney* and resulted in the supreme court's remand to the habeas corpus court for a determination whether the second offense was committed while the petitioner was on bail.  *See McLaney*, 59 S.W.3d at 93-94.  The present case presents the same type of sentencing error based upon Rule 32(c)(3)(C).

B.  Scope of controversy

Initially, we note distinctions between *McLaney* and the present case that clutter our path to a solution in the latter.  First, although the sentences in both cases were the products of global plea agreements that respectively encompassed all sentences affected by the concurrent sentencing schemes, in *McLaney* the breach of mandatory consecutive sentencing provisions occurred only once because there was only one pre-bail offense and one set of post-bail offenses.  In the present case, however, the petitioner complains of sequential breaches:  the concurrent alignment of the case-1 sentence with that of case 2 *and* the concurrent alignment of the case-2 sentence with that of case 3.  Second, in adjudicating the alignment of only two sentences, the *McLaney* court dealt with fully reciprocal concurrent sentences.  In the present case, however, the case-2 sentence runs concurrently with both the case-1 and case-3 sentences, but the case-1 and case-3 sentences run consecutively to each other.

These factual permutations are more perplexing because of a possible conflict of rules of law.  On the one hand, *Hickman* and *Benson* undergird the habeas corpus court's ruling because the one sentence in the present case that is appended to the other two by concurrent alignments is the eight-year sentence in case 2, which for purposes of analysis, expired before the habeas corpus petition was filed.  The arguable result of applying *Hickman* and *Benson* is that the petitioner is no longer restrained of his liberty by virtue of the case-2 sentence and that, accordingly, the case-2 sentence with its concurrent appendages must be ignored for purposes of habeas corpus relief.  On the other hand, *McLaney* arguably instructs that, not only are the sentences that violate the mandatory consecutive sentencing provisions void in the inception, but the violations taint any and all sentences via impermissible concurrent alignments.  In this view, all three of the current petitioner's sentences – and not just the case-2 sentence – are corrupted by the improper plea agreement for concurrent alignment.

C.  General effect of *McLaney*-infirm sentences

In our view, the case at hand requires close attention to the facts and surgical application of the various rules we have discussed.

In *Smith v. Lewis*, 202 S.W.3d 124 (Tenn. 2006), our supreme court adjudicated Smith's habeas corpus claim that his single sentence for rape of a child was illegal because the judgment, as amended, ignored legislative mandate by providing for release from prison upon serving 85 percent of his sentence instead of requiring confinement for the mandated 100 percent. *Id.* at 125-26. Responding to and rejecting the State's "ripeness" argument that Smith could not seek habeas corpus relief until the petitioner had served 85 percent of his sentence, the supreme court said, "The illegal and void character of the sentence inhered upon its entry: it will not spring into being only after Smith has served eighty-five percent of his sentence." *Id.* at 128. Applying this principle from *Smith*, the illegal nature of the concurrent alignment of sentences in the current petitioner's global plea agreement rendered the sentences void ab initio.[1]

D. Standing

That said, we do not believe that the habeas corpus court doubted that the case-2 sentence was void; yet, the court denied relief based upon the requirement that a petitioner must be restrained of his liberty by the judgment under attack. We agree that the requirement – essentially a requirement of standing to bring an action in habeas corpus – apparently operates independently of the merits of the substantive claim of voidness. *See Benson*, 153 S.W.3d at 31 ("A statutory prerequisite for *eligibility* to seek habeas corpus relief is that the petitioner must be 'imprisoned or restrained of liberty' by the challenged convictions.") (emphasis added).

For instance, the petitioner in *Benson* claimed that at least two of his 1993, guilty-pleaded felony convictions resulted in void sentences because he was free on bond for a felony when he committed the new offenses. *Benson*, 153 S.W.3d at 30. Still, the high court ruled that, "as in *Hickman*, the petitioner [Benson] is not currently imprisoned or restrained of liberty by the challenged convictions." *Id.* at 32. Similarly, in *Jubal Carson*, a panel of this court adjudicated a claim that Carson's 1992 Blount County convictions emanated from offenses committed while he was an escapee, and that pursuant to Tennessee Rule of Criminal Procedure 32(c)(3), the 1992 sentences should have been aligned consecutively to the sentence for the escape conviction. *Jubal Carson*, slip op. at 5; *see* Tenn. R. Crim. P. 32(c)(3) (providing bases for mandatory consecutive sentencing, including "for a felony committed while on escape"). This court observed that the 1992 sentences, combined, yielded an effective sentence of five years and that this "effective five-year Blount County sentence had expired before the petition was filed." *Jubal Carson*, slip op. at 5. As a result, Carson was not entitled to challenge the 1992 Blount County convictions via a writ of habeas corpus. *Id.*; *see Robert L. Moore v. Glenn Turner*, No. W2005-01995-CCA-R3-HC, slip op.

---

[1] We acknowledge that, in *Smith*, our supreme court was not addressing a claim of a lack of restraint of liberty when it stated that the "illegal and void character of the sentence inhered upon its entry." Indeed, the *Smith* court was responding to a claim that the habeas corpus attack was *not yet ripe* – something quite the opposite from the *Hickman* principle that the petitioner is ineligible because the sentence has been served and has expired.

at 3 (Tenn. Crim. App., Jackson, Feb. 28, 2006) (holding that, despite habeas corpus petitioner's claim that his sentences for 1991 offenses violated *McLaney*, the sentences had expired, with the result that the petitioner was no longer restrained of liberty for purposes of habeas corpus relief); *Terry Lee Clifton v. State*, No. W2004-01385-CCA-R3-HC, slip op. at 5-6 (Tenn. Crim. App., Jackson, June 9, 2005) (rejecting habeas corpus bid to attack *McLaney*-infirm convictions because the sentences on those convictions had been served and had expired), *perm. app. denied* (Tenn. 2005). Thus, despite that the challenged judgment may be void, a person who is not under restraint of the judgment for purposes of the habeas corpus statute is ineligible to seek habeas corpus relief from that judgment. *Cf. Hickman*, 153 S.W.3d at 27 (finding that "[a]dditional information outside the judgment would be needed to establish that Hickman in fact was not represented by counsel"; accordingly, not only was Hickman no longer under restraint of the challenged judgment, but because "additional proof" was required, the judgment was at "most voidable, rather than void").

Accordingly, we believe that the habeas corpus court was on solid ground in applying *Hickman* to bar the habeas corpus actions if the eight-year, case-2 sentence had expired. If the petitioner were no longer under the restraint of that sentence – regardless whether it was void in the inception, the petitioner lacked standing to challenge that sentence. It does not necessarily follow, however, that a threshold bar to challenging the case-2 sentence is *ipso facto* broad enough to preclude challenges to the other sentences. In other words, even if we disqualify the attack on the case-2 sentence, must we still recognize that the sentences in cases 1 and 3 were also beset by an improper concurrent sentencing scheme?[2]

E. Application of *McLaney* rule of substantive law

We answer this last question in the affirmative. We mentioned in the introduction that the present case is unique from others that we have encountered because of the three sets of convictions and the tiered or sequential triggering of the mandatory consecutive sentencing provisions. The distinction is significant. In the *Hickman*-type dismissal cases, the second *and most recent* set of convictions had expired, leaving the habeas corpus court with nothing to further adjudicate. *See*, *e.g.*, *Benson*, *Jubal Carson*, *Robert L. Moore*, *Terry Lee Clifton*. In the present case, however, although the sentence in case 2 has expired, the longer, more recent murder sentence in case 3, at least, is still extant, and the petitioner is still under the restraint of that sentence. That sentence was originally imposed with an improper concurrent alignment feature.

F. Remedy

_____

[2] To facilitate discussion, we refer to the three-year sentence in case 1 as if it, as well as the case-2 sentence, had expired, although we cannot discern from the record whether it was served prior to the consecutive 25-year sentence in case 3. If, in fact, the case-1 sentence was not served before the case-3 sentence, it would not have expired and would be in the same legal posture as the case-3 sentence for habeas corpus purposes.

At first blush, it may appear that *McLaney* requires that we afford the petitioner relief.[3] We conclude, however, that *McLaney* itself is serviceable in supporting the habeas corpus court's ruling despite our finding that at least one of the sentences is challengeable as illegal. The *McLaney* court noted that McLaney "entered his guilty plea in exchange for a concurrent sentence which was, in actuality, illegal." The court then remarked, "'There can be little doubt that a guilty plea entered pursuant to a plea bargain which promises a concurrent sentence must be set aside *where the promise of concurrenc[e] is not fulfilled*.'" *McLaney*, 59 S.W.3d at 95 (emphasis added) (quoting *West Virginia ex rel. Morris v. Mohn*, 165 W. Va. 145, 152, 267 S.E.2d 443, 448 (1980)). By this language, our supreme court, *in its discussion of remedy*, identified and expressed its concern with the plight of a petitioner who was *denied the benefit* of his plea bargain – possibly because the Department of Correction did not implement the trial court's illegal sentencing terms. *See generally*, *e.g.*, *Mark A. Percy v. Tennessee Department of Correction*, No. M2001-01629-COA-R3-CV, slip op. at 2-4 (Tenn. Ct. App., Nashville, Feb. 26, 2003).

In the present case, the habeas corpus court found that the petitioner's eight-year, case-2 sentence actually ran concurrently with the other sentences and has, accordingly, expired. Thus, the court stated that the "promise of concurrenc[e] has been fulfilled." If the record before us supported that finding of fact, we would agree that the petitioner would have received the benefit of his bargain.

Viscerally, we sense no injustice to the petitioner by reason of his plea agreement, and we are loath to mechanistically vacate any of the petitioner's sentences, knowing that the rote application of "reason without conscience might become trickery, or even downright knavery." H. Gibson, *Gibson's Suits in Chancery* § 67 (5th ed. 1955).[4] The petitioner voices a hollow complaint that, if exploited, might result in "outright knavery." We hold that the "fulfillment of the promise of concurrenc[e]," in effect, purges the judgment in case 3 (and, if need be, in case 1) of the contaminating reference(s) to concurrent sentencing.

---

[3] Based upon the allegation that McLaney's second felony offense occurred while he was free on bail for the first felony offense, our supreme court concluded that, should the face of the record support the allegation, the concurrent sentencing scheme would have been illegal and void. *McLaney*, 59 S.W.3d at 94. The court remanded the case to the habeas corpus court for resolution of the factual issue whether McLaney was free on bail when he committed the second offense. *Id.* at 95. In the present case, however, the habeas corpus court has already scoured the record and adjudicated that the petitioner was, in fact, free on bail when he committed the offense in case 2 and was again free on bail when he committed the offense in case 3. If we were to grant the present petitioner relief pursuant to *McLaney*, *McLaney* would then require that we vacate the case-3 sentence and remand to the habeas corpus court for a determination whether, based upon the Department of Correction's sequencing of the consecutive sentences, the case-1 sentence ran first and expired. Ultimately, the vacated case-3 judgment and, if applicable, the vacated case-1 judgment would be transferred by the habeas corpus court to the original trial court, which would afford the parties an opportunity to reach a new plea agreement or, otherwise, to allow the petitioner to withdraw his 1996 pleas. *See id.* at 94-95.

[4] In his treatise, Professor Gibson refers to the maxim, "Judex habere debet duos sales, salem sapientae ne sit insipidus et salem conscientiae ne sit diabolus. (A Judge ought to have two salts, the salt of wisdom that he may do nothing foolish, and the salt of conscience that he may do nothing wicked.)." *Gibson, supra*, at § 67 n.82.

The problem before us ultimately, however, is that the record does not reflect whether the Department of Correction honored the judgments' concurrent alignment of the eight-year, case-2 sentence with the other sentences. In that situation, the habeas corpus court's finding that the case-2 sentence had expired is not supported in this record. Thus, although such a finding would, in our view, justify a dismissal of the habeas corpus petition relative to all convictions, we must vacate the habeas corpus court's order as it stands and remand the case for an appropriate inquiry and finding whether the eight-year, case-2 sentence has, in fact, expired.

### III. Conclusion

Although the legal principles we have analyzed would support the habeas corpus court's ruling had that court's underlying findings been supported in the record, no factual support of the ruling exists in the record, and the cause must be remanded for an apt inquiry and finding of fact.

_____
JAMES CURWOOD WITT, JR., JUDGE